## J. C. PUSHEE & SONS v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. January 30, 1908.)

### No. 750 (1,575).

CUSTOMS DUTIES—CLASSIFICATION—BRISTLES "BUNCHED OR PREPARED"—AP-
PLICATION OF THE RULE AS TO THE CONCURRENT DECISIONS OF TWO LOWER
TRIBUNALS.

The imported bristles to which this appeal relates had been tied up in
small bunches, and had been found, both by the Board of General Ap-
praisers and the Circuit Court, to have been "bunched or prepared" in
accordance with Schedule N, par. 411, § 1, of the tariff act of July 24,
1897 (30 Stat. 190, c. 11 [U. S. Comp. St. 1901, p. 1673]); and it appeared
that the word "bunched" had no special commercial use in this connection,
there is no previous legislation which gave any peculiar force to it, and
it is plain that the question involved is purely one of fact, depending
largely, if not entirely, on personal inspection. *Held,* that the rule as to
the effect to be given to the concurrent decisions of two tribunals applied,
and that the classification made by the Circuit Court should be affirmed.

Appeal from the Circuit Court of the United States for the South-
ern District of New York..

For decision below, see 155 Fed. 265, in which the Circuit Court
affirmed a decision by the Board of United States General Apprais-
ers (G. A. 5,483; T. D. 24,797), which had affirmed the assessment
of duty by the collector of customs at the port of Boston.

In describing the property in dispute, the judge at circuit stated that it
consisted of bristles in small bunches, with a string tied around the ends of
each bunch to hold them together; that in these bunches the butt ends and the
flag ends are not mixed indiscriminately, but substantially all the butt ends
lie together; and that they are in a partial state of preparation for the brush-
maker.

Searle & Pillsbury (Aruthur P. Hardy, of counsel), for importers.
William H. Garland, Asst. U. S. Atty.

Before PUTNAM and LOWELL, Circuit Judges, and AL-
DRICH, District Judge.

PUTNAM, Circuit Judge. This is a question of classification
under the tariff act of 1897. It depends on the application of par-
agraph 411 (Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 190
[U. S. Comp. St. 1901, p. 1673]), as follows: "Bristles, sorted,
bunched or prepared, seven and one-half cents per pound," and of
paragraph 509 (section 2, Free List, 30 Stat. 196 [U. S. Comp. St.
1901, p. 1682]), as follows: "Bristles, crude, not sorted, bunched,
or prepared." Paragraph 509 is in the free list.

There is no proof of any special commercial use of the word
"bunched" in this connection; neither is there any previous legis-
lation which enables the court to find anything in the statutes to
justify giving any peculiar force to it. Therefore, under the circum-
stances, the court is left to the ordinary signification of the word.
There is only one importation in question. As to that importation,
the Board of General Appraisers and the Circuit Court, on an in-
spection of samples, agreed that the bristles in controversy are
within paragraph 411. Whether they are bunched is, under the

circumstances, a pure question of fact, depending, like ordinary questions, whether articles are bunched or not, largely, if not entirely, on personal inspection.

It has been held by us, especially in The Columbian, 100 Fed. 991, 995, 996, 41 C. C. A. 150, that the rule of the effect to be given to the concurrent decisions of two tribunals applies to instances where a decision of a master or commissioner has been affirmed by the court appointing the master or commissioner. This is also the rule of the Supreme Court, decided so often that we need not trouble to refer to any of its decisions beyond those cited in The Columbian. Here we have the concurrent decisions of the Circuit Court and the Board of General Appraisers, which, as the case depends so largely on mere inspection, come peculiarly within the principle of the rule stated on a question of fact like that involved here. The reasons for the conclusion that this importation was bunched are clearly set out in the opinion of the learned judge of the Circuit Court; and, after a reading of that opinion, it is entirely apparent that we cannot satisfactorily determine that the conclusion we are now asked to reverse was not correct.

The judgment of the Circuit Court is affirmed.