(C. D. 913)

N. WAGMAN & CO. v. UNITED STATES

United States Customs Court, Third Division

(Decided February 21, 1945)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Harold L. Grossman*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States arising at the port of New York by protest against the collector's assessment of duty at 3 cents per pound under paragraph 1507 of the Tariff Act of 1930 on bristles imported from Argentina which are claimed to be entitled to free entry under paragraph 1637 of said act. The protest

also claims that the merchandise is free of duty under paragraph 1688 of said act, but at the trial counsel for the plaintiff stated that paragraph 1637 was primarily relied upon.

The pertinent provisions of the tariff act are as follows:

PAR. 1507. Bristles, sorted, bunched, or prepared, 3 cents per pound.
PAR. 1637. Bristles, crude, not sorted, bunched, or prepared.

The invoice describes the merchandise as "raw Pig hair washed cleaned, free of Vegetable matter, no moisture, content of 100% Yield hair." A sample was introduced in evidence at the trial and marked "Exhibit 1." It consists of bristles of varying colors and lengths tied together with a string. Small particles of dirt cling to the bristles and they are not arranged evenly at either end. Oscar Wagman, the importer, testified that the merchandise consisted of raw bristles, exactly as taken from the hog, but that substantially all the butt ends were in one position and that all the flag ends were lying together. However, that did not constitute sorting or bunching according to this witness. The following is what he understood by bunched bristles:

A. When they offer bunched bristles, we take it these goods have been washed, sorted into length, and different colors, and then a string put on it. That is what is called bunched bristles, if it is offered in that state. Every length would be separate from two inches up to six inches. These bristles contain from two inches to four, and they are all mixed together.

Q. Your understanding of bunched is that lengths would all be separated and tied together, such as Exhibit A, Illustrative Exhibit A?—A. Correct.

Bristles which have been sorted, bunched, and prepared were shown by illustrative exhibit A. The bristles are clean, all of one length, although of different colors, and are tied together tightly with all the butt ends arranged evenly at one end. On cross-examination the Government produced illustrative exhibit B, which the witness stated was bristle waste. It consists of a mass of bristles with particles of flesh and dirt clinging to them. They are in no way sorted or even tied up. Mr. Wagman stated that those bristles were taken from the belly of the hog, while the other bristles came from the spine. The former are used for cushions and mattresses but not for brush bristles. The witness further testified that the bristles as in exhibit 1 were in a condition making them easier to turn, that is, to put all the butt ends together and all the flag ends together; that the bunching of the bristles as in exhibit 1 prevents them from becoming "riffled," disturbed, or mixed up. However, before the bristles can be used, they have to be piled separately into colors and graded into different lengths and bunched like illustrative exhibit A.

Defendant's witness, Milton M. Young, who has had 3 years' experience as an examiner and 6 years as clerk to an examiner, testified that the bristles in exhibit 1 had been washed and "de-scurfed" to comply with the Bureau of Animal Industry regulations and that

they had been bunched. He stated further that prior to the inception of the war, bristles were mostly prepared in China, Russia, and Poland and that since the war, the United States had tried to develop the bristle industry in South America; that illustrative exhibit B was a type of merchandise that had previously never been used; that certain shipments arrived in bales, with no strings, indiscriminately mixed; that the merchandise was very difficult to handle in that condition; that importers had therefore stipulated that the merchandise should be shipped bunched in order to make it easier to grade. According to this witness, a bundle of bristles is a group of bristles which has been sorted to color, size, and grade, and tied in such a manner as to be firm and ready for the brush maker's use, such as illustrative exhibit A. The merchandise here involved is a bunch of bristles which would have to be bundled, that is, sorted into sizes and colors and tied with a string, before it would be ready for use. The witness stated that this distinction between bundles and bunches had existed prior to 1930; that bundles of bristles were always ordered and invoiced from China, Russia, and elsewhere.

It is apparent from the testimony and an examination of the exhibits that exhibit 1 is in a little better condition than illustrative exhibit B; flesh and blood have been removed and the bristles have been tied together with a string. It is not as advanced as illustrative exhibit A, since it would have to be cleaned, sorted, and graded as to color and size, and tied up firmly before it could be used by the brush maker. The question is whether it has been "bunched" within the meaning of the tariff act.

In *J. C. Pushee & Sons* v. *United States*, 6 Treas. Dec. 963, T. D. 24797, G. A. 5483; affirmed 155 Fed. 265; affirmed 158 Fed. 968, the merchandise consisted of bunches of bristles carefully put up, with the roots all placed together at one end; each bunch represented the crop gathered from one hog; the bristles were of fairly uniform size and were bunched so as to make them marketable for brush makers' use. It was held that the bristles were crude, but that since they had been bunched, they were dutiable. On appeal, the circuit judge indicated that the important fact was that the bristles were tied up in separate bundles with their butt ends lying together and in a partial state of preparation for the brush maker. It was also stated:

There is no evidence in support of the contention of the importers that the word "bunched" in the foregoing paragraphs means "bundled," and hence that it signifies bristles which have been subjected to the entire process of dressing as known to brush makers. On the contrary, the evidence shows that the term "bunched" is used in its ordinary meaning, and therefore as signifying "a collection, cluster, or tuft, properly of things of the same kind, growing or fastened together."

In *Peter Woll & Sons* v. *United States*, T. D. 20213, G. A. 4297, the goods consisted of uncleaned, unsorted bristles tied up in tufts or small bunches, the root and flag ends mixed indiscriminately. It was held that the merchandise was crude bristles, not sorted, bunched, or prepared. Wilkinson, general appraiser, stated:

It appears from the evidence at the hearing that the various processes in dressing or preparing the bristles are washing or cleaning, sorting the hairs according to color and stiffness, and sizing them according to their lengths, combing and butting, which brings the roots one way and level, and bundling the cleaned, sorted, and butted bristles into bunches of ordinarily three or four inches diameter ready for use.

See also the statement of Hay, general appraiser, in *E. Cedar* v. *United States*, 28 Treas. Dec. 1172, Abstract 37886:

* * * the mere bunching by tying a string around a bunch or bundle of the bristles when in no other way sorted or in no other way prepared does not keep them from being crude or make them dutiable under paragraph 337. The bristles in this case are tied in irregular sized bunches. They are not, in our judgment, bunched within the meaning of the law. They are dirty and irregular in shape, and as near crude as bristles could be imported, unless, perchance, they might be thrown loose into the hold of a vessel for transportation.

Some of the testimony in the instant case and some of the cases cited attempt to draw a distinction between the term "bundle" and the term "bunch." We do not find that there is such a distinction either in dictionary definitions or in the tariff act. Webster's New International Dictionary gives the following definitions:

*bunch.* A cluster or tuft, properly of things of one kind, growing or fastened together; as a *bunch* of grapes or of keys.
*bundle.* A number of things bound together, esp. into a mass or package convenient for handling or conveyance, as by a cord or envelope; a loose package; a roll; as, a *bundle* of straw or of paper; a *bundle* of old clothes.

The tariff act uses the term "bunched" but not the term "bundled." It seems clear that Congress intended that crude, unsorted and unprepared bristles should be entitled to free entry, but that bristles which had been sorted and prepared should be dutiable. The following statements contained in the Summary of Tariff Information, 1929, at pages 1921–1922 and 2241, are pertinent:

Bristles are the stiff, coarse hairs of the hog. Their quality depends upon the season, climate, breed, and maturity. As they are utilized almost wholly in brush manufacture, they are graded according to their serviceability for this purpose. Color, stiffness, resiliency, and length are the chief factors which determine their grades. * * *.
  *   *   *   *   *   *   *

The world's commercial supply is produced chiefly in China and Russia. The Russian production is smaller than the Chinese, but it is generally superior in quality. * * *.
The best Chinese bristles come from the northern Provinces. The supply is purchased by peddlers and others from the farmers, frequently under a system of barter in which the bristles are exchanged for matches, kerosene, and other

articles. The bristles received at the assembling points in China are there cleaned, boiled, sorted, and dressed, and tied in *bundles*.

\* \* \*. Statistics of sorted, *bunched*, or prepared bristles imports follow: \* \* \*. [pp. 1921–1922; emphasis supplied.]

The total imports of bristles, crude, not sorted, or prepared are relatively small. Most of the bristles imported are cleaned, prepared, and sorted. \* \* \*. Statistics of imports of bristles, crude, not sorted, *bunched*, or prepared are shown in the following table: \* \* \*. [p. 2241; emphasis supplied.]

It is clear that Congress did not have in mind bristles in the form of illustrative exhibit B when it enacted paragraph 1637 permitting "Bristles, crude, not sorted, bunched, or prepared" to be imported free of duty, because that type of bristle has been imported only since the present war (hence subsequent to the Tariff Act of 1930) which cut off the Russian and Chinese markets. Evidently, the intention was to cover crude bristles, such as exhibit 1, which have not been sorted or prepared, although tied with a string.

Although there is testimony that all of the butt ends of exhibit 1 are lying together, an examination shows the bristles to be indiscriminately placed together and tied with a string. The courts have long held that the sample may be a potent witness in classification cases. *United States* v. *Bernard, Judae & Co.*, 18 C. C. P. A. 68, T. D. 44029; *United States* v. *Halle Bros. Co.*, 20 C. C. P. A. 219, T. D. 45995; *United States* v. *University of Chicago Press*, 23 C. C. P. A. 38, T. D. 47685.

It appears that all that has been done to the bristles in exhibit 1 is to wash and "de-scurf" them in conformity with the regulations of the Bureau of Animal Industry. They are crude and have not been sorted or prepared. We hold, therefore, that the merchandise falls within the provision for "Bristles, crude, not sorted, bunched, or prepared" and is entitled to entry free of duty. Judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entry and make refund accordingly.