UNITED STATES *v.* N. WAGMAN & Co. (No. 4510) [1]

---

[1] C. A. D. 320.

United States Court of Customs and Patent Appeals, November 5, 1945

*Paul P. Rao*, Assistant Attorney General (*Sybil Phillips* and *Richard F. Weeks*, special attorneys, of counsel), for the United States.
No appearance for appellee.

[Oral argument October 3, 1945, by Mr. Weeks]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and ·O'CONNELL, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

The issue to be decided in this appeal from the United States Customs Court, Third Division, C. D. 913, arose from the classification of "raw Pig hair washed cleaned, free of Vegetable matter, no moisture, content of 100% Yield hair" as "Bristles, sorted, bunched, or prepared," at the rate of 3 cents per pound under paragraph 1507 of the Tariff Act of 1930, by the Collector of Customs at the port of New York, and claimed by the importer, appellee here, to be free of duty under paragraph 1637 of said act as "Bristles, crude, not sorted, bunched, or prepared."

The importer also claimed the merchandise to be free of duty under paragraph 1688, but at the trial its counsel stated he relied principally on paragraph 1637 without abandoning the claim under paragraph 1688, which provides for free entry of "Hair of horse, cattle, and other animals, cleaned or uncleaned, drawn or undrawn, but unmanufactured, not specially provided for." The latter paragraph was not considered by the court below, and it is not necessary, in view of our conclusion, to discuss it here.

The merchandise consists of bristles of different colors and lengths tied together with string in tufts, one of which was received in evidence as Exhibit 1.

At the trial only one witness, manager of appellee, testified in its behalf. On being shown the exhibit, and after a careful examination, he testified that substantially all of the butt ends of the bristles were at one end of the tuft and substantially all of the flag ends were at the other. He stated that such positioning of the bristles and the tying thereof did not constitute "bunching," stating as his understanding that bristles must be "washed, sorted into length, and different colors, and then a string put on it," in order to be termed "bunched."

But one witness testified for the Government, stating that the exhibit had been washed and "de-scurfed" in order that the merchandise could be entered under regulations of the Bureau of Animal Industry, and that the bristles had been bunched.

No attempt was made to establish commercial designation.

In deciding the merchandise to be crude and not bunched within the meaning of the tariff act, the trial court cited the cases of *J. C. Pushee & Sons* v. *United States*, 6 Treas. Dec. 963, T. D. 24797, G. A. 5483; affirmed 155 Fed. 265; affirmed 158 Fed. 968; *Peter Woll & Sons* v. *United States*, T. D. 20213, G. A. 4297; and *E. Cedar* v. *United States*, 28 Treas. Dec. 1172, Abstract 37886. It stated in its decision that, while there was testimony that all of the butt ends of the said exhibit were lying together, an examination of the exhibit showed the bristles to be indiscriminately placed together and tied with a string. On the principle that it had long been held that the sample may be a potent witness in classification cases, the court seemingly rejected the testimony and relied upon its own examination of the exhibit.

Judgment was accordingly entered holding the merchandise to be free of duty under paragraph 1637.

There was no brief or argument presented on behalf of appellee here.

It is clear to us that paragraphs 1507 and 1637 must be read in the disjunctive, and when so read bristles which are "sorted" or "bunched" or "prepared" come within the purview of the former. If not so read the terms "sorted" and "prepared" are superfluous and unnecessary. This is substantially appellee's position. We cannot assume Congress to have used superfluous or unnecessary language, but must give meaning to each word in the statute unless by so doing the result reached would be unreasonable. Therefore we hold that the imported merchandise in the form of tufts of bristles was bunched, even though the bristles were not sorted as to size or color.

In the case of *J. C. Pushee & Sons* v. *United States, supra*, it was held under an identically worded paragraph of the tariff act of July 24, 1897, that Congress intended to distinguish between crude bristles consisting of a mass of different sizes with butt and flag ends indiscriminately mixed and crude bristles which were in any way sorted, bunched, or prepared; "in other words, between absolutely crude bristles and those which have been passed through one or more steps in the process of preparation for use in the arts; * * *." There can be no question from the record in this case that the flag and butt ends of the imported merchandise are at opposite ends of the bunches, and since that is so the merchandise is similar to that involved in the *Pushee* case, and should be determined here to be properly classified as it was by the collector.

It is not necessary to discuss the other two cases appearing in the opinion of the trial court.

The judgment of the United States Customs Court is accordingly *reversed*.

BLAND, J., concurs in the conclusion.