(C. D. 1759)

SAN FRANCISCO RADIO & SUPPLY CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 3, 1956)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

BEFORE OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge:   The merchandise the subject of this protest is represented by plaintiff's collective exhibit 1, which was received in evidence without objection. It consists of small tufts of what appear to be bristles, each tuft bound at one end by a metal ring. The collector of customs classified the merchandise as brushes, not specially provided for, and assessed duty under the provision therefor in paragraph 1506 of the Tariff Act of 1930 at the rate of 50 per centum ad valorem.

Various claims are made in the protest, but the claim relied upon is that for duty at the rate of 3 cents per pound under the provision

in paragraph 1507 of the same act for "Bristles, sorted, bunched, or prepared, * * *."

In an effort to establish that the merchandise at bar, as imported, did not consist of brushes, but merely of bristles, counsel for the plaintiff called to the stand the manager of the importing company. It appears from his testimony that merchandise, such as collective exhibit 1, is not sold or used in the condition as imported, but that, after importation, each tuft is placed in a rubber socket, evidently by pressure, the socket being so designed that it may be fitted over a mandrel knob of a dental handpiece, and the complete article is used by the dental profession in cleaning teeth. There does not seem to be any question but that, after being placed in the rubber socket, the complete article is known as a dental prophylactic brush.

Although not directly stated, it seems to be fairly inferable from the record made at the trial that the imported articles have no other use than in the manufacture of such brushes and that they cannot be used as brushes in their imported condition.

In a fairly recent decision in the case of *Keer, Maurer Company* v. *United States*, 32 Cust. Ct. 441, Abstract 57959, this division of the court had occasion to consider the common meaning of the term "brushes" and, in that connection, quoted the following definition from Webster's New International Dictionary, 2d edition, 1945 (also quoted herein by counsel for the defendant in the brief filed in its behalf):

A device composed of bristles, vegetable fibers, or the like, set in a suitable back or handle of wood, ivory, metal, or the like, and used for cleaning, scrubbing, painting, etc.

In our consideration of that case, we concluded that the meaning of the term comprehended not only a description of the device but also some reference to its action, or, in other words, that the term "brush" had a use connotation.

Applying that legal conclusion to the situation at bar, it appears that the imported article is not usable *as a brush* in its imported condition but requires the application of material and labor to make it a brush.

On the other hand, the imported article seems to respond to the designation of "Bristles, * * * bunched, or prepared," as found in paragraph 1507, *supra*, and as judicially construed in *J. C. Pushee & Sons* v. *United States*, 6 Treas. Dec. 963, T. D. 24797, affirmed by the Circuit Court for the District of Massachusetts in *Same* v. *Same*, 155 Fed. 265, which was likewise affirmed by the Circuit Court of Appeals for the First Circuit in *Same* v. *Same*, 158 Fed. 968, and *United States* v. *N. Wagman & Co.*, 33 C. C. P. A. (Customs) 88, C. A. D. 320. Those cases indicate that the quoted provision for bristles relates to such as have been passed through one or more steps beyond the crude

state in the process of preparation for the making of brushes, which seems aptly to describe the condition of the tufts of bristles at bar.

Counsel for the defendant, in the brief filed in its behalf, makes some point of arguing that the plaintiff failed to establish whether the fibers of the tufts here involved were bristles. We see little merit to this contention, inasmuch as the fibers were identified as bristles by the examiner of merchandise in the appraiser's office who passed upon such merchandise both in his report transmitted with the official papers and by oral testimony at the trial.

The suggestion made by counsel for the defendant in the brief filed in its behalf that "such testimony has no weight, is deserving of no consideration, and is wholly inadequate to overcome the presumption of correctness of the collector's classification" would appear to be an unwarranted imputation of incompetence of a public officer. Moreover, there is nothing to show that the collector's classification included a finding that the tufts were not composed of bristles. On the contrary, there is every reason to believe that the collector's classification was based upon the finding that the articles were brushes composed of bristles.

Judgment will issue sustaining the protest claim for duty at the rate of 3 cents per pound under the provisions of paragraph 1507 accordingly.