BEFORE THE FIRST DIVISION, JUNE 26, 1957

**No. 60926.**—Needler's British Imports *v.* United States, protest 241487–K (Denver).

MOLLISON, Judge: The merchandise the subject of this protest is described on the invoice as "Dust Brush Brass" and was assessed with duty at the rate of 50 per centum ad valorem under the provision in paragraph 1506 of the Tariff Act of 1930 for brushes, not specially provided for. The protest claim is for duty applicable to brass articles or to brass hollowware.

Preliminary to a discussion of the merits of the case, we find that a motion was made by counsel for the defendant to dismiss the protest on the ground that it fails to set forth "distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto," as required by section 514 of the tariff act, under which the protest was filed. This motion is obviously based upon the ground that the plaintiff failed to enumerate the tariff paragraph and rates of duty claimed to be applicable to the imported merchandise.

While it is clear that the protest is subject to criticism for that reason, we do not believe it is subject to dismissal on the ground of failure to be sufficiently specific. The protest indicates that the claimed rates are those applicable to brass articles or to brass hollowware, which would direct the mind to the provisions of paragraph 397 of the tariff act, providing for articles, not specially provided for, wholly or in chief value of base metal, or to paragraph 339, providing for hollowware, not specially provided for. The motion to dismiss is, therefore, denied.

On the merits, it appears that the theory of the importer's case is that the involved articles are miniatures for decorative purposes only, having no utilitarian function and, consequently, should not take duty at the same rate as the articles they represent in miniature. A sample of the involved merchandise is before us as part of plaintiff's collective exhibit 1. It consists of a tube, about 3 inches long, enclosing what might be termed a plunger, at the end of which is a brush-like article. Upon pushing the rod of the plunger, the brushlike end emerges and, apparently, might be used to brush away particles of dust. Although said to be a miniature, there is no indication in the record of what the full-size article

321

might be although, at a guess, it might be a fireplace brush. The article is substantially made of what appear to be good materials, and a device affixed to the tube commemorates the coronation of the queen of England.

In recent decisions of this court, to wit, *San Francisco Radio & Supply Co.* v. *United States*, 36 Cust. Ct. 110, C. D. 1759, and *Keer, Maurer Company* v. *United States*, 32 Cust. Ct. 441, Abstract 57959, it was held that, to be dutiable under the tariff provision for brushes, an imported article must be usable as a brush in its imported condition. We are unable to say, from a mere inspection of the sample before us, that the articles at bar are not usable as brushes. It may be that their ornamental and decorative character denotes the chief function of the articles, but this is not apparent from a mere inspection of the sample, and the record does not contain any sworn testimony to that effect.

On the record presented, the protest claims must be overruled. Judgment will issue accordingly.