BEFORE THE THIRD DIVISION

SEPTEMBER 21, 1965

**No. 69561.**—Palmer Import Co., Inc. *v.* United States, protest 63/22974 (Seattle).—

DONLON, Judge: On calendar call at Seattle, defendant moved to dismiss this protest because it failed to state the paragraph of the Tariff Act of 1930, as modified, under which plaintiff claimed that the merchandise is "Properly dutiable at 12½%." Plaintiff tendered the official papers, and they were received in evidence.

Decision on defendant's motion was reserved for this division, which has jurisdiction over the subject matter of the protest. The parties were afforded opportunity to file briefs on the motion. No briefs were filed.

In pertinent part, the protest reads as follows:

Notice of dissatisfaction is hereby given with and protest is hereby made against your decision, liquidation and assessment of duties at 10¢ Doz. & 45% or other rate or rates on Item 6 x 38, Rockingham Cup and Saucer covered by the entries below named, or other merchandise covered by said entries. The reasons for

objection under the Tariff Act of June 17, 1930, and amendments thereto, are as follows: Properly dutiable at 12½%.

The entry named in the protest is No. 12218, dated June 19, 1961, liquidated June 28, 1963.

The official papers note that cup and saucer item "6 x 38," entered under paragraph 210 at a rate of 12½ per centum ad valorem, as Rockingham earthenware, was advisorily classified and liquidated under paragraph 212 as decorated porcelain tableware, having a vitrified nonabsorbent body, dutiable at the modified rate of 10 cents per dozen and 45 per centum ad valorem (T.D. 54108).

The essence of a valid protest is that it be "sufficiently specific, according to the circumstances, to direct the collector's attention to the importer's claims." *United States* v. *Globe Shipping Co., Inc.*, 19 CCPA 148, T.D. 45262.

While the protest (filed by an experienced customs broker) is inept, it seems to meet the test laid down in *Globe Shipping, supra*. The protest identifies the item, "6 x 38" Rockingham cup and saucer. The claimed rate, 12½ per centum ad valorem, is the identical rate at which the merchandise was entered with the Seattle collector, and the rate was there specified as the rate under paragraph 210.

On this record and in the circumstances of this entry, but without approving the practice of failure to state the paragraph number (or tariff schedule item) under which classification and duty rate are claimed, we hold this protest sufficient to advise the collector that the claimed rate of 12½ per centum ad valorem for Rockingham ware is the rate under paragraph 210. There is nothing in the record to suggest that the collector lacked in understanding of what the protest claim was. *Quaker Waxed Products Corp.* v. *United States*, 39 Cust. Ct. 475, Abstract 61309. Indeed, his report to the court, transmitting the protest, would appear to support the assumption that he did understand.

The motion to dismiss the protest is denied. The case is restored to calendar for all purposes.