Washington International Insurance Co., plaintiff *v.* United States, defendant

Court No. 90–04–00173

(Dated July 15, 1992)

*Sandler, Travis & Rosenberg, P.A., (Diane L. Weinberg)*, for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*Carla Garcia-Benitez*) for defendant.

MEMORANDUM OPINION

GOLDBERG, *Judge*: This action comes before this court on defendant's Motion to Dismiss. The court finds that it lacks jurisdiction to entertain this case, and hereby dismisses the action.

BACKGROUND

Plaintiff, Washington International Insurance Company, is the surety on Continuous Bond No. 108707163, placed with the Customs Service ("Customs") by the principal, Sergio Valente Apparel, Inc. ("Sergio") in connection with Entry number 6590004762-5. The entry, dated February 17, 1988, encompassed men's and women's pants manufactured from foreign piece goods in the Commonwealth of the Northern Mariana Islands. The merchandise entered the United States duty-free.[1] On March 4, 1988, a Customs Import Specialist forwarded a Request for Information, (Customs Form 28) to Sergio, seeking certificates of manufacture and landed cost. Sergio timely responded to Custom's request.

On August 19, 1988, Customs liquidated the entry as dutiable. Sergio filed a protest on October 12, 1988. The protest form used by Sergio was a pre-printed protest, and contained general instructions that the importer should supply:

> the factual material and legal arguments which are believed to support the protest. All such material and arguments should be specific. General statements of conclusions are not sufficient.

The form provided the importer with a selection of grounds upon which to challenge Customs' decision. Plaintiff contended in the Complaint that Sergio placed an "x" on the form adjacent to the pre-printed category which stated as follows:

> The protested decision, the nature of the objection, and the reasons therefore are:
>
> [x] As to the classification and rate and amount of duties, it is claimed that the proper classification is under TSUS item[2]

---

[1] General Headnote 3(a)(iv), Tariff Schedules of the United States, grants duty free entry to all products imported from insular possessions of the United States. The parties agree that merchandise from the Commonwealth of the Northern Mariana Islands is entitled to duty-free treatment under this section.

While the face of Sergio's entry papers expressly indicated the country of origin and a claim for duty-free entry, the papers did not definitively state that Sergio asserted duty free entry based on General Headnote 3(a)(iv), Tariff Schedules of the United States. Plaintiff's complaint, however, proceeds on the assumption that this duty-free basis was implicit to Customs.

[2] *Defendant disagrees with plaintiff's claim that Sergio placed an "x" next to this "classification" category.* As Exhibit A, defendant submitted a copy of Sergio's protest with an "x" placed next to classification with its moving papers. It next included with its Reply to plaintiff's opposition to the motion, as Exhibit I, a copy of the protest with the "x" seemingly erased. Defendant asserted in its Reply that Exhibit I was a photocopy of the original protest filed with the court, while Exhibit A was simply a photocopy of a carbon copy of Exhibit I. Defendant speculated that the "x" was intentionally erased in Exhibit I, but the erasure was not completed on the carbon copies. Defendant concluded that the erased "x" in the original protest was indisputably insufficient to show that Sergio intended to challenge classification of the merchandise.

The court need not address defendant's contentions. The court finds that even presuming an "x" was placed adjacent to the classification category, Sergio failed to lodge a valid protest challenging classification of the merchandise.

Although the form then contained space for completion of the sentence by the importer, Sergio neglected to provide any further information. Sergio did not list or describe the alleged proper classification, and failed to discuss why the proffered classification was correct. Neither did it cite reasons why Customs' determination was incorrect.

Nevertheless, Sergio also placed an "x" in the following category challenging appraised value of the merchandise. Under that section, Sergio provided an extensive explanation of the reasons Customs' determination was inaccurate and Sergio's claimed value was appropriate.[3]

On August 17, 1989 Sergio forwarded a letter to Customs which was "intended to supplement the protest with supporting documents." (Motion to Dismiss, Exhibit B.) The letter contained information that endeavored to show the merchandise was incorrectly classified and entitled to duty-free treatment under General Headnote 3(a)(iv), Tariff Schedules of the United States (TSUS).

Customs denied the protest on October 6, 1989, stating that the original decision was reviewed and reaffirmed. Plaintiff next filed the summons and complaint at issue in this motion. In its Motion to Dismiss, defendant argued that the court does not have jurisdiction over this action because Sergio failed to file a valid protest which challenged the classification of the merchandise. The court agrees.

## DISCUSSION

A. *Jurisdictional Issues:*

Section 1581(a) of Title 28 of the United States Code (1988) grants the court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." A prerequisite, therefore, to jurisdiction by the court over an action of this nature is a denial of a valid protest. *See Computime, Inc. v. United States*, 772 F.2d 874 (Fed. Cir. 1985), *Traveler Trading Co., Inc. v. United States*, 11 CIT 950 (1987).

In order to evaluate whether jurisdiction over this action properly lies with the court, the court must first determine whether Sergio filed a valid protest challenging classification.

Section 1514 of Title 19 of the United States Code (1988) provides procedures for the filing of a protest. Section 1514(a) states that decisions of Customs officials are "final and conclusive upon all persons * * * unless a protest is filed in accordance with this section * * *." Section 1514(c)(1) continues that a protest shall set forth:

> distinctly and specifically each decision * * * as to which protest is made; each category of merchandise * * * as to which protest is made; *and the nature of each objection and reasons therefore.* (emphasis added.)

---

[3] Plaintiff acknowledges that Sergio's challenge to the appraisement of the merchandise was "inadvertent" and irrelevant.

The relevant implementing regulations contained in 19 C.F.R. § 174.13(a)(6) (1991) provide that a protest shall contain a description of "the nature of, and justification for the objection set forth distinctly and specifically with respect to each category, payment, claim, decision, or refusal[.]"

Similarly, the Supreme Court explained in the seminal case of *Davies v. Arthur*, 96 U.S. 148, 151 (1878), that the protest specificity requirements were structured to:

> compel [the importer] to disclose the grounds of his objection at the time when he makes his protest. * * * Technical precision is not required; but the objections must be so distinct and specific, as, when fairly construed, to show that the objection taken at the trial was at the time in the mind of the importer, and that it was sufficient to notify the collector of its true nature and character to the end that he might ascertain the precise facts, and have an opportunity to correct the mistake and cure the defect, if it was one which could be obviated. (citation omitted.)

*See also Audiovox Corp. v. United States*, 8 CIT 233, 598 F. Supp. 387 (1984), *aff'd* 764 F.2d 848 (Fed. Cir. 1985); *American Mail Line, Ltd., v. United States*, 34 CCPA 1 (1946).

It is also long settled law that a protest:

> must point out or suggest the provision of law which it is claimed controls the classification of the subject merchandise * * * [I]f the protest itself gives no indication of the reasons why the collector's action is alleged to be erroneous, and, further, does not set forth the paragraphs which allegedly properly govern the disposition of the merchandise, the document is fatally defective.

*Mattel, Inc. v. United States*, 72 Cust. Ct. 257, 261, 377 F. Supp. 955 (1974) (quoting *National Carloading Corp. v. United States*, 44 Cust. Ct. 493–494 (1960)) (citations omitted).

Plaintiff contends that a protest was filed which validly challenged the classification of the merchandise because Sergio placed an "x" in the classification category on the protest. Plaintiff also argues that Customs had "actual knowledge" of Sergio's claimed classification because the merchandise apparently entered duty-free under General Headnote 3(a), TSUS, and Customs sent a Request for Information to Sergio that could have supported duty-free treatment under this section. In support, plaintiff cited several cases where flawed protests were held adequate to notify Customs of the objections made. *See Needler's British Imports v. United States*, 39 Cust. Ct. 321 (1957); *Palmer Import Co., v. United States*, 55 Cust. Ct. 434 (1965); *Norman G. Jensen, Inc. v. United States*, 55 Cust Ct. 418 (1965).

The court finds plaintiff's position unconvincing. An examination of the case law reveals that protests which were deemed sufficient despite being incomplete contained at least a partial description of the grounds for the challenge and the claimed classification. For example, in *Needler's*, 39 Cust. Ct. at 321, the protest, while failing to specify the exact claimed tariff paragraph and rates of duty, instead named the category

of merchandise to which the claimed rates applied. The protest in *Palmer*, 55 Cust Ct. at 434, was held valid where the tariff paragraph number was omitted but the claimed rate was indicated.

The action before this court differs profoundly from the cases cited by plaintiff. In its protest, Sergio's only notification of its classification challenge was a single "x" placed next to the broad classification category. Although the protest's introductory instructions and the classification objection itself obviously required supporting information, Sergio neglected to provide any description whatsoever of its classification objection. Sergio indeed understood this necessity since it provided ample support for its appraisal objection. Moreover, Sergio did not indicate why it felt Customs' classification was incorrect and did not even hint at the classification rate or tariff provision under which it was claiming.

Unlike the cited cases, Sergio's failure to describe any aspect of its classification objection prevented Customs from construing the true character and nature of Sergio's objection — that duty-free treatment under General Headnote 3(a), TSUS, was appropriate, or that this objection was in mind at the time of the filing. Further, Sergio's fatally deficient protest cannot be resuscitated by plaintiff's conjecture that Customs had "actual knowledge" of Sergio's claimed classification.

In advancing its "actual knowledge" argument, plaintiff relied on *CR Industries v. United States*, 10 CIT 561 (1986). In that case, the court construed protests which challenged the classification of either "sleeve repair kits" or simply "sleeves" to include an objection to the classification of both a steel sleeve and its protective steel cup. The court concluded that the language of the protests read in conjunction with previous discussions between the parties was sufficient notice to Customs that both components' classifications were challenged.

The circumstances at bar are critically dissimilar, however. The language of the protest gave no suggestion of Sergio's objection, whereas in *CR Industries* some of the protests stated that the classification of "kits" were challenged. 10 CIT at 561. In this regard, the court is better guided by a secondary ruling in *CR Industries* which precluded the plaintiff from raising a new claim of "uniform existing practice" not included in the objections specified in the protest, even though Customs was previously aware of the issue in connection with an internal advice ruling. In this holding, the court noted that there was no possible way to read the protest's language to include the claim, and acknowledged that although protests were to be liberally construed, "[t]his does not, however, mean that protests are akin to notice pleadings and merely have to set forth factual allegations without providing any underlying reasoning * * *." 10 CIT at 564 (quoting *Computime, Inc. v. United States*, 8

CIT 259, 601 F. Supp. 1029 (1984) *aff'd*, 772 F.2d 874, 878–79 (Fed. Cir. 1985)). The *CR Industries* court further explained:

> [t]he lack of notice in the protest may have led Customs to believe that the issue had been abandoned. Moreover, knowledge that the claim was being actively asserted may have allowed Customs to more adequately investigate * * *. *Id.* at 565.

Likewise, in this action, the protest was devoid of any language that could be construed to minimally raise a claim for General Headnote 3(a), TSUS, duty-free treatment. This deficiency could have led Customs to reasonably conclude that Sergio abandoned all its potential claims. Moreover, plaintiff cannot irrefutably demonstrate that Customs had actual prior knowledge of Sergio's claim. None of Sergio's entry papers expressly stated that duty-free entry was requested under General Headnote 3(a), TSUS, and Customs' Request for Information sought documents which could have been relevant to other issues in addition to a duty-free General Headnote 3(a), TSUS, claim.

Consequently, the court finds that in these circumstances, Sergio failed to validly assert a challenge to classification in the protest. Any other ruling by this court would eviscerate the protest requirements mandated by Congress and effectively require Customs to scrutinize the entire administrative record of every entry in order to divine potential objections and supporting arguments which an importer *meant* to advance.

## B. *Presentation of New Grounds:*

Subsection 1514(c)(1) of Title 19 of the United States Code (1988) provides that:

> A protest may be amended * * * to set forth objections as to a decision or decisions described in subsection (a) of this section which were not the subject of the original protest * * * any time prior to the expiration of the time in which such protest could have been filed under this section. New grounds in support of objections raised by a valid protest * * * may be presented for consideration in connection with the review of such protest pursuant to section 1515 of this title at any time prior to the disposition of the protest in accordance with that section.

The parties agree that Sergio's August 17, 1989 letter to Customs was not a valid amendment to the original protest. Instead, plaintiff characterized the letter as a "supplement" to the protest which merely raised new grounds in support of the general classification objection already made by Sergio when Sergio checked the classification category. As new grounds for the classification challenge, plaintiff contended the supplement explained that duty-free treatment under General Headnote 3(a)(iv), TSUS was appropriate.

However, statutory law expressly provides that new grounds can only be proffered "in support of objections raised by a *valid* protest." 19 U.S.C. § 1514(c)(1) (1988) (emphasis added). New objections may only be contained in a timely filed amendment. 19 U.S.C. § 1514(c)(1) (1988).

As previously determined by the court, the classification of the merchandise was not validly challenged in Sergio's protest. Sergio's August 17, 1989 letter therefore does not merely present a new ground for an already noted objection; it introduces a new objection – the challenge to classification. This new objection must be raised in an amendment to the protest, which Sergio failed to accomplish.

Moreover, the court notes that as a matter of policy plaintiff's argument cannot be countenanced. Under plaintiff's interpretation, an importer could simply check every available objection listed on the protest, and then submit at its leisure a "supplemental" letter containing the reasons for the objections anytime prior to the resolution of the protest. Such a result would surely "thwart the scheme of orderly claim assessment envisaged by § 1514." *CR Industries*, 10 CIT at 565 (citation omitted).

The court concludes that classification of the merchandise was not validly challenged in the protest or Sergio's supplemental letter, and the court therefore remains without jurisdiction over plaintiff's action.

CONCLUSION

For the reasons provided above, this court holds that it lacks subject matter jurisdiction pursuant to 28 U.S.C. 1581(a) (1988) over this action. Accordingly, defendant's motion to dismiss is granted.