**KOIKE ARONSON, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Slip No. 97–130.
Court No. 96–04–00960.

United States Court of International Trade.

Sept. 16, 1997.

Soller, Shayne & Horn, (Melvin E. Lazar), New York City, for plaintiff.

Frank W. Hunger, Assistant Attorney General; Joseph I. Liebman, Attorney–in–Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, (James A. Curley), Washington, DC, for defendant.

## OPINION and ORDER

WATSON, Senior Judge.

The government has moved to dismiss this action under U.S.C.I.T. Rule 12(b) for lack of subject matter jurisdiction. The thrust of the motion is that the protest made to the Customs Service against the classification of the importations pursuant to 19 U.S.C. § 1514 was deficient because it did nothing more than identify the classification to which objection was made. It did not identify any preferred alternative or give any details about the nature of the objection or the reasons for it. The government points out that the defective protest gave Customs no real opportunity to correct the alleged error, and should not be considered a valid protest. The government asserts that the denial of this protest could not serve as a jurisdictional prerequisite for the bringing of an action under 28 U.S.C. § 1581(a).

Plaintiff argues that the protest should have been viewed in conjunction with the previous communications on the subject between plaintiff and Customs or should be read in light of the points made in the later complaint in this civil action. In the view of the Court, both of these alternatives would go beyond even the most generous precedents and would completely eliminate any real standards of specificity in protests.

The cases cited by plaintiff do not provide any support for the validation of a protest that gives no clue whatsoever as to the nature of the classification being sought. In *Needler's British Imports v. United States*, 39 Cust.Ct. 321 (1957), Judge Mollison validated a protest that named the rate of duty desired but did not specify the number or language of the desired tariff provision. Although he stated that the protest might be "subject to criticism" for that reason, he nevertheless found that it was sufficient to direct the mind of Customs to the specific tariff provisions bearing the identified rates of duty.

In *Palmer Import Co., Inc. v. United States*, 55 Cust.Ct. 434 (1965) Judge Donlon validated a protest with the same sort of unelaborated reference to a rate of duty, on the ground that, under the circumstances, it was sufficient to advise the Collector of Customs of the claimed tariff provision. In the same vein, in *Norman G. Jensen, Inc. v. United States*, 55 Cust.Ct. 404 (1965). Judge Nichols held that a claim of 25 cents per thousand feet of spruce lumber though "brief and cryptic" was sufficient to alert customs to the nature of the claim.

In *CR Industries v. United States*, 10 CIT 561, 1986 WL 9273 (1986), Judge Tsoucalas validated a protest in a somewhat more complex situation. The importation consisted of a sleeve-like device for the repair of worn shafts on motor vehicles. It was imported with a cup form that served as a tool to install the sleeve and also protected it during shipment. The government argued that failing to mention the cup in the protest precluded plaintiff's claim that it should be classified as an entirety with the sleeve. The Court held that the protest was sufficient to fairly apprize Customs that the cup was involved in

the classification dispute as an entirety with the sleeve. Given the existence of a stated claim for the sleeve it was not guesswork to find that plaintiff was maintaining a previously communicated position that the sleeve and the cup were an entirety. It is safe to say however, that if plaintiff had tried to assert an independent claim for classification of the cup, the protest would have been held to be insufficient.

In all the aforementioned cases there was some information within the protest, either touching directly on the desire tariff treatment or linked to the fate of another claim that was reasonably calculated to direct the mind of Customs to the full nature of a specific claim. That cannot be said here.

In this situation there is no escaping the conclusion that the protest did not inform Customs of the nature of the objections to the classification and did not give Customs any identifiable alternative. For those reasons it was defective. *Davies v. Arthur*, 96 U.S. 148, 151, 24 L.Ed. 758 (1877).

For the reasons given above, the Court finds that it lacks subject matter jurisdiction over this action under 28 U.S.C. § 1581(a). Accordingly, defendant's motion to dismiss is GRANTED.

### *JUDGMENT*

The defendant's motion to dismiss for lack of subject matter jurisdiction under 28 U.S.C. § 1581(a) is **GRANTED**.