(C. D. 399)

Dritz Traum Co., Inc. *v.* United States

United States Customs Court, First Division

(Decided November 15, 1940)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

Before BROWN and WALKER, Judges

WALKER, Judge: This is a suit against the United States brought at the port of New York for the recovery of money claimed to have been illegally exacted as customs duties. The merchandise involved is described on the invoice as "leather needle cases" and was assessed with duty by the collector of customs at the rate of 50 per centum ad valorem under the provision in paragraph 1531 of the Tariff Act of 1930 for—

* * * cases * * * wholly or in chief value of leather * * * permanently fitted and furnished with * * * sewing * * * sets * * *.

Alternative claims are set forth in the protest for free entry under paragraph 1724 or 1615 of the said act, but the claim evidently relied upon is that for duty at the rate of 45 per centum ad valorem under the provision in paragraph 343 for—

* * * needle cases * * * furnished with assortments of needles or combinations of needles and other articles * * *.

After calling a witness who identified samples of the involved items, which were received in evidence without objection as exhibits 1 and 2, the plaintiff rested. Exhibit 1 consists of a leather roll or case with a snap fastener measuring 2¾ x 5 inches when closed and 8 x 5 when opened. It is silk-lined and contains the following articles held in place by leather loops:

A thimble,
A pair of scissors,
A safety pin,
A darning needle,
A bodkin,
A skein of colored threads,
A paper packet containing 7 needles,

A piece of celluloid on which are a few yards of white thread,

A piece of celluloid on which are a few yards of black thread.

Exhibit 2 is similar to exhibit 1, except that it is somewhat larger, measuring 3 x 5½ when closed, and 8¾ x 5½ when open, and contains, in addition to the above, the following:

A tape measure in a metal case,

An extra safety pin,

A long piece of cardboard on which are wound a few yards each of 12 different colored threads.

Defendant called Mrs. Miriam L. Garnaus as a witness, who testified that she was a professional shopper employed in New York and had seen articles like exhibit 2 in shops and in the possession of her friends, and that she also had one. She characterized it as a "sewing set" and stated that she used it for traveling to keep her sewing equipment together in her bag. In her experience, she said, the articles were sold as sewing kits, and she stated that exhibit 2 contained all the articles a woman needed for ordinary sewing. On cross-examination Mrs. Garnaus testified that exhibits 1 and 2 were cases fitted with combinations of needles and other articles.

Counsel for the plaintiff have cited in support of their contention, among others, the cases of *United States* v. *Poirier & Lindeman*, 6 Ct. Cust. Appls. 239, T. D. 35470, and *United States* v. *Cross*, 10 id. 58, T. D. 38335. In our view neither of these cases is in point for the reason that none of the competing paragraphs there construed contained the term "cases * * * wholly or in chief value of leather * * * permanently fitted and furnished with * * * sewing * * * sets." In the *Poirier* case the competing paragraphs were 25 and 135 of the Tariff Act of 1913, the former providing for articles composed in chief value of compounds of pyroxylin and the latter for needlecases furnished with combinations of needles and other articles. In the *Cross* case the competition was between paragraphs 135 and 360 of the act of 1913. The former, as already pointed out, covered needlecases furnished with combinations of needles and other articles, while the latter covered leather cases "permanently fitted and furnished with traveling * * * and similar sets." No distinct provision for leather cases fitted with sewing sets existed.

Nor do we consider any of the abstract decisions cited by the plaintiff to be in point. Those involving leather cases (Abstracts 39848, 42445, 42732, and 43156) involved importations under the act of 1913 and were controlled by the *Poirier* case, *supra*. In all of the other decisions the material of which the case containing the articles was composed was some substance other than leather, or classification was had under a paragraph other than 1531 of the act of 1930 or its

predecessors, so that the provision for leather cases fitted with sewing sets was not involved.

In our view it is unnecessary for us to decide at what point needle cases furnished with combinations of needles and other articles cease to be such and become sewing cases, or even whether such point exists. The fact remains that Congress specifically provided for leather cases fitted with sewing sets, and the articles before us, both on the oral evidence presented and by inspection of the samples, are undeniably leather cases fitted with sewing sets. The fact that a provision exists in the tariff act for needle cases furnished with combinations of needles and other articles under which the articles might be classified does not control, for the most that can be said is that the tariff descriptions apply with equal completeness to the article in issue, and in such case the provision in paragraph 1559 that—

If two or more rates of duty shall be applicable to any imported article, it shall be subject to duty at the highest of such rates.

governs, and the articles must be classified under paragraph 1531, *supra*.

The protest is therefore overruled and judgment will issue in favor of the defendant.