(C.D. 3974)

RUDOLPH MILES *v.* UNITED STATES

United States Customs Court, First Division

(Decided March 5, 1970)

*Stein & Shostak* (*Marjorie M. Shostak* and *Leonard M. Fertman* of counsel) for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

MALETZ, Judge: The articles covered by these consolidated protests involve two types of painted figures that were imported from Mexico. The first type is about eight inches long and is in the form of a replica of a choir boy. It consists of the following elements: A ball-shaped head made of a celluloid or plastic material; a body made of cardboard; and a lace material attached to the shoulders and body representing the vestment. The second figure is about 11 inches long and is in the form of a replica of a girl. It consists of the following elements: A ball-shaped head that likewise is made of a celluloid or plastic material; twined cord around the head that has been painted and shellacked to depict a bonnet; and a wide-brimmed hat glued to the top of the head that is made of a cardboard material. The remainder of the figure is made of a cardboard-type material.

The imported articles were classified by the government as dolls under item 737.20 of the Tariff Schedules of the United States and assessed with duty at 35 percent ad valorem.[1] Plaintiff's claim is that the articles are properly classifiable as articles of papier-mache under the provisions of item 256.75 and thus dutiable at only 8.5 percent ad valorem.[2]

The principle is elementary that in a tariff classification case the plaintiff has the twofold burden of proving that the government's classification is erroneous and establishing the correctness of its own affirmative claim. E.g. *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 CCPA 150, 157, C.A.D. 227 (1943); *United States* v. *H. V. Albrecht, et al.*, 27 CCPA 112, 117, C.A.D. 71 (1939). In this case we need not consider whether or not the classification is erroneous. For on the record before us it is apparent that plaintiff has failed to affirmatively establish the correctness of its claimed classification under item 256.75. See e.g., *Plastic Service Co.* v. *United States*, 63 Cust. Ct. 528, C.D. 3947 (1969).

Plaintiff claims that the imported articles are "of papier-mache"— i.e., that papier-mache is the component material of chief value.[3] However, plaintiff has presented no evidence whatever as to this. Parenthetically, it should be added that the proper method of determining component material of chief value is to ascertain the costs to the manu-

---

[1] Item 737.20 covers "Dolls, and parts of dolls including doll clothing."
[2] Item 256.75 provides:

 Articles, of pulp, of papier-mâché, of paper, of paperboard, or of any, combination thereof, not specially provided for:

 \* \* \* \* \* \* \*

256.75 Of papier-mâché_____ 8.5% ad val.

[3] There is no dispute in the present case that the term "of," as used in item 256.75, means that the article is wholly or in chief value of the named material. See General Headnotes and Rules of Interpretation 9(f)(i) and 10(f) of the tariff schedules.

facturer of the separate parts of the article at the time they are ready to be combined into the completed article. E.g., *United States* v. *Mrs. S. Bacharach,* 18 CCPA 353, 355, T.D. 44612 (1931) ; *United States* v. *Rice-Stix Dry Goods Co.,* 19 CCPA 232, 234, T.D. 45337 (1931) ; *Commercial Adolfo S. Pagan, Inc., et al.* v. *United States,* 48 Cust Ct. 210, 216, C.D. 2337 (1962) ; *Ross Products, Inc.* v. *United States,* 52 Cust. Ct. 51, 55, C.D. 2435 (1964) ; *Remco Industries, Inc.* v. *United States,* 60 Cust. Ct. 565, 572, C.D. 3460, 285 F. Supp. 117, 121–22 (1968) ; *Ted L. Rausch et al.* v. *United States,* 60 Cust. Ct. 654, 658, C.D. 3487, 286 F. Supp. 576, 579 (1968) ; *Pico Novelty Co., Inc., et al.* v. *United States,* 62 Cust. Ct. 341, C.D. 3759 (1969).

Of course "[i]t is not necessary to offer evidence of comparative costs to prove what component material is of chief value when the most casual examination of the article shows that only one material can be." *John S. Connor, Inc.* v. *United States* 54 Cust. Ct. 213, 218, C.D. 2536 (1965). See also e.g., *Morris Friedman & Co.* v. *United States,* 56 Cust. Ct. 21, 29–30, C.D. 2607 (1965) ; *Broadway-Hale Stores, Inc.* v. *United States,* 63 Cust. 194, C.D. 3896 (1969). Here, however, an examination of the choir-boy figure shows the presence of a not insubstantial amount of celluloid or plastic and lace material, while an examination of the figure of the girl likewise shows the presence of a not insubstantial amount of celluloid or plastic, together with shellacked cord. Manifestly, examination of the samples does not make it plainly evident that papier-mache is the component material of chief value. See *Wilson's Customs Clearance, Inc.* v. *United States,* 59 Cust. Ct. 36, 41, C.D. 3061, 1967). It is true that the manufacturer's and customs invoices prepared by the shipper indicate that the articles in issue are of papier-mache. But this does not satisfy the requirements specified above for determining the component material of chief value. See e.g., *Orazio J. Freni, et al.* v. *United States,* 60 Cust. Ct. 319, 324, C.D. 3375, 283 F. Supp. 89, 93 (1968). As we said in Freni: "The burden is on plaintiff to prove the component of chief value of an article; it is not a matter for speculation by the court." *Ibid.*

The protests are overruled and judgment will be entered accordingly.