(C.D. 4041)

EMPIRE MERCANTILE CORP. *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 30, 1970)

*Sharretts, Paley, Carter & Blauvelt* (*Charles P. Deem* of counsel) for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Dominick M. Minerva* and *Robert T. Richardson*, trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

WATSON, Judge: The merchandise in the case at bar, invoiced as "Rubberized Pouches", consists of articles manufactured to contain folding syringes used for feminine hygiene. They were classified as luggage or flat goods of textile materials pursuant to item 706.24 of the Tariff Schedules of the United States and assessed with duty at the rate of 40 per centum ad valorem.

Plaintiff claims that the importation is properly classifiable pursuant to one of the following items: item 772.20 providing for containers of rubber or plastics chiefly used for packing, transporting or marketing of merchandise; item 774.25 providing for articles of natural rubber; item 774.60 providing for other articles n.s.p.f., of rubber or plastics; or item 389.70 providing for other articles n.s.p.f., of textile materials, not ornamented.

The relevant statutory provisions are as follows:

Classified under:

Schedule 7, Part 1, Subpart D:

Luggage and handbags, whether or not fitted with bottle, dining, drinking, manicure, sewing, traveling, or similar sets; and flat goods:

\* \* \* \* \* \* \*

Of textile materials (except yarns, of paper), whether or not ornamented:

\* \* \* \* \* \* \*

Other:

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| 706. 24 | Other _____ | 40% ad val. |

Claimed under:

Articles not specially provided for, of rubber or plastics:

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| 774. 25 | Of natural rubber _____ | 12.5% ad val. |
| 772. 20 | Containers, of rubber or plastics, with or without their closures, chiefly used for the packing, transporting, or marketing of merchandise _____ | 15% ad val. |

Articles not specially provided for, of rubber or plastics:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

774. 60     Other _____     17% ad val.

Articles not specially provided for, of textile materials:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other articles, not ornamented:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

389. 70     Other _____     20% ad val.

At the trial the parties stipulated that the involved merchandise was composed in chief value of rubber and was made of textile material.

Two witnesses testified on behalf of plaintiff, Ernest M. Loeb, plaintiff's president and John E. Coutts, formerly the purchasing agent for the Seamless Rubber Company. The testimony establishes that the pouches in dispute are designed for use as containers for folding fountain syringes. To this end they are made in certain sizes, provided with waterproof linings and rustproof zippers. They do not possess the refinements whch would be required of a cosmetic bag such as cardboard stiffened sides, recessed zipper, finer seams and generally more fashionable styling. The syringes contained by the bags in issue are folding syringes designed and intended primarily for use by women while traveling. They are not, however, normally carried on or about the person.

Plaintiff herein was faced with the burden of proving that the importations do not belong in the provision under which they were classified, namely, that they are not flat goods or luggage.

The headnotes in subpart D explain that the term "flat goods" covers "small flatwares designed to be carried on the person", and go on to list a number of articles all of which are commonly carried in that manner. We cannot include in such a term merchandise such as that involved herein which the testimony establishes is not designed to be carried on the person and is not, in fact, normally carried in that manner.

The term "luggage", however, seems more appropriate for the importation herein and it does not appear that plaintiff has adequately overcome the presumption that such is the case. The explanatory notes to subpart D, schedule 7, part 1, Tariff Classification Study, indicate that the luggage covered by said subpart "may be fitted with * * * traveling or similar sets of a type used for convenience while traveling * * *." The phrase traveling sets is an echo of language in prior tariff acts under which such articles as men's toilet sets were classified. See *United States* v. *Mark Cross Co.*, 4 Ct. Cust. Appls. 274, T.D. 33489 (1913). In that case the court stated "[s]uch articles and accessories

when found in the home are generally known as toilet articles, but when put up or assembled in a form which permits of their being conveniently carried by the traveler as part of the baggage to which he has daily access while traveling they may be and are properly designated as traveling sets." We are of the opinion that the same rationale applies to such articles as those in dispute when utilized as containers for the purpose of holding personal articles used during travel and they are properly denominated as luggage.

The explanatory notes to subpart D further indicate that cases of the type used to contain articles such as travel convenience items are, when imported separately, still dutiable under subpart D.

Plaintiff has introduced no evidence which would tend to withdraw the article in question from the scope of the term luggage as set forth above. Certainly the various provisions under which plaintiff claims classification possess no greater specificity or particularity. The claimed provisions are also inapplicable for other reasons. Item 772.20 is a basket provision for containers used in packing, transporting and marketing [1] and does not cover containers designed for continued personal use in travel such as that herein. Item 774.25 provides for articles made of natural rubber, a variety of rubber which has not been proved to be that used in the importation. Statements in the commercial invoice and the special customs invoice that the articles are in chief value of natural rubber do not satisfy our evidentiary requirements. *Orazio J. Freni, d/b/a Saratoga Forwarding Co.* v. *United States*, 60 Cust. Ct. 319, C.D. 3375, 283 F. Supp. 89 (1968). The claims under the even less specific provisions of item 774.60 and item 389.70 are similarly without merit.

Finally, it appears that the article in question is made of textile materials, a fact which was agreed to by both parties. Accordingly, it falls squarely within the provision of "Other" luggage of textile material contained in item 706.24 of the Tariff Schedules of the United States.

In light of the above, the protest claims are hereby overruled.

Judgment will issue accordingly.

---

[1] Tariff Classification Study, Schedule 7, Part 12 p 451.