(C.D. 4162)

NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 14, 1971)

*Stein & Shostak* (*Leonard M. Fertman, S. Richard Shostak,* and *Arthur E. Schwimmer* of counsel) for the plaintiff.

*L. Patrick Gray, III,* Assistant Attorney General (*Bernard J. Babb* and *Mollie Strum,* trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges; and ROSENSTEIN, Senior Judge

RICHARDSON, Judge: The merchandise of these three protests, consolidated for trial, consists of rockingham ware figures (cat, chair, spinning wheel, pot-bellied stove) each equipped with a pin cushion, six pins, tape measure and plastic thimble, and packed individually in a paper box, which were exported from Japan and entered at San Diego, Calif. at various times in 1966. The merchandise was classified as entered under item 651.13 of the Tariff Schedules of the United States as sewing sets in containers other than leather and assessed for duty at the rate of 38 per centum ad valorem. It is claimed in the amended protests that the merchandise should be classified under item 534.74 or item 534.76 of the tariff schedules, depending upon value per dozen articles, as ornamental articles, not specially provided for, of fine grained earthenware at the respective duty rates of 12.5 per centum and 6.25 per centum ad valorem.

The competing tariff provisions read as follows:
[Classified]:

> Sewing sets, and pedicure or manicure sets, and combinations thereof, in leather cases or other containers of types ordinarily sold therewith in retail sales:

\*      \*      \*      \*      \*      \*      \*

651.13    Other _____    38% ad val.

[Claimed]:

> Smokers' articles, household articles, and art and ornamental articles such as, but not limited to statues, figurines, flowers, vases, lamp bases, bric-a-brac, and wall plaques, all the foregoing not specially provided for, of ceramic ware:

\*      \*      \*      \*      \*      \*      \*

> Of fine-grained earthenware, whether or not decorated, having a reddish-colored body and a lustrous glaze, and mottled, streaked, or solidly colored brown to black with metallic oxide or salt:

534.74      Valued not over $1.50 per dozen articles _____    12.5% ad val.

534.76      Valued over $1.50 per dozen articles__    6.25% ad val.

Only one witness testified at the trial. And the record before the court consists of representative samples of some of the articles in issue (exhibits 1–B[cat], 3–B[stove], 4–B[chair]), representative samples of the boxes in which said articles were imported (exhibits 1–A[cat], 2[spinning wheel], 3–A[stove], 4–A[chair]), a sample of a sewing kit sold domestically by the plaintiff (exhibit 5), a customs laboratory report of an analysis of the ceramic portion of exhibits 1–B, 3–B, and 4–B (exhibit 6), the testimony of Ison Rovell, manager of plaintiff's hardware, household, notions and mirrors department, and the official papers.

Mr. Rovell testified, among other things, that the merchandise in issue, which he described as being primarily a "pin cushion", is carried in his department, that this merchandise does not contain needle and thread, that plaintiff purchases and sells an article, represented herein by exhibit 5 which he described as a "sewing set", which includes a needle and thread and a scissor, and that the minimum requirement for a sewing set sold by plaintiff would be an article which included a needle and thread. The witness also testified that his understanding of the term "sewing" accords with the definition of that term which was read to him by counsel from Webster's Third New International Dictionary, 1963 edition, as follows (R. 16–17):

1–A – to unite, attach, or fasten by stitches made with a flexible thread or filament; or 2 – to secure together the sections of an assembled book, for example, with thread or wire.

At the instance of plaintiff and under direction of the trial court an analysis of the rockingham ware portion of exhibits 1–B, 3–B, and 4–B as to component materials was made by the U.S. Customs Laboratory at Los Angeles. Exhibit 6 is the report of that analysis. Exhibit 6, dated March 20, 1969, reads in relevant part as follows:

### REPORT

| Exhibit Number | 1B | 3B | 4B |
|---|---|---|---|
| Percent water absorption by weight | over 3% | over 3% | over 3% |
| | reddish | reddish | reddish |

Munsell color chart

In our opinion the 3 samples are fine-grained earthenware. Each sample has a lustrous glaze and is colored brown to black by a metallic oxide or salt. Each sample has been decorated with a lacquer paint.

And at the conclusion of the trial the official papers were received into evidence without marking at the instance of plaintiff's counsel and without objection by defendant's counsel.

Plaintiff contends that the imported articles are not "sewing sets" because they lack needle and thread which are essential for the performance of the act of sewing, and, also that said articles are ornamental articles within the meaning of item 534.76 of the tariff schedules. Defendant argues that the articles in question are "sewing sets", and also that plaintiff has presented no evidence of the component material of chief value to support the claimed classification under item 534.76 of the tariff schedules.

We agree with plaintiff that the imported articles at bar are not "sewing sets" within the meaning of item 651.13. In our opinion the *sine qua non* to designation of an article of commerce as a "sewing set" is that an article which contends to be such contains needle and thread, the essentials needed to perform the act of sewing, in addition to whatever other sewing accessories it may happen to include, i.e., scissors, thimble, pins, tape measure, etc. *Cf. Dritz Traum Co., Inc.* v. *United States*, 5 Cust. Ct. 196, C.D. 399 (1940), involving a construction under paragraph 1531 of the 1930 Tariff Act, the predecessor provision for sewing sets in leather cases, now covered by item 651.11 of the tariff schedules. The evidence at bar clearly shows that the disputed articles lack needle and thread. And inasmuch as the involved articles possess no metal needles, they lack the "tool" essential for classification under part 3E of schedule 6 of the tariff schedules. We,

therefore, experience no difficulty in concluding that the rockingham ware pin cushions at bar were not properly classified under item 651.13 of the tariff schedules.

The difficulty we find with plaintiff's case relates to the claim advanced for classification of the imported articles at bar under item 534.76 of the tariff schedules. Even if we be persuaded by the evidence and argument to accept plaintiff's view that the disputed articles are "ornamental" notwithstanding their utilitarian value and in finding that the ceramic portion is composed of fine grained earthenware within the meaning of the inferior heading to items 534.74 and 534.76, since the articles are composed of materials other than the earthenware, plaintiff is, nevertheless, put to its proof to establish the component material in chief value in accordance with General Headnote and Rule of Interpretation 9(f)(i) of the tariff schedules. And on this phase of the case we argee with defendant that plaintiff has failed to prove the component material in chief value with respect to the disputed articles.

On the chief value issue plaintiff relies upon a certain statement common to the invoices at bar, of which the following statement appearing on the invoice in protest 67/10146, is typical:

Composition & Individual Price

5/8009 New Fashion French Poodle & Persian Cat Pin Cushion

| | |
|---|---|
| Rocking-ham Part | $1.54 |
| Tape Measure | $0.24 |
| Pin Cushion | $0.12 |
| Thimble | $0.05 |
| 6 Beauty Pins | $0.04 |
| | $1.99 per set. |

The invoices containing this statement are, of course, before this court as evidence inasmuch as they are part of the official papers which were offered and received in evidence without objection by defendant. *W. T. Grant Company* v. *United States*, 38 CCPA 57, C.A.D. 440 (1950); *Arthur J. Fritz & Co., Inc.* v. *United States*, 52 Cust. Ct. 61, C.D. 2437 (1964). However, we find that the invoice statement above noted is not evidence of the component material in chief value.

It is clear from the invoice *per se* that the foregoing figures disclose at best only a breakdown of the price to the plaintiff importer in terms of component parts of the imported article, given over the signature of plaintiff's buying agent Mogi Trading Company, Ltd., of Nagoya and Osaka, Japan. And quite obviously, these figures do not purport to reveal the costs (materials) incurred by the manufacturer Veda

Kokyo, K.K. of Nagoya, Japan, prior to assemblage of the imported article—the critical area of inquiry for the court on the issue of component material in chief value. The $1.99 per set price noted above is the unit price representing the ex-factory price set forth in the entry papers. Hence, if this figure were to be taken as being indicative of the manufacturer's costs prior to assemblage of the imported article, it will be readily seen that the manufacturer's "costs" equal its "ex-factory" price, ruling out any prospect for a "profit" in the transaction—a result which this court finds difficult to believe to be the case without the most cogent supporting evidence we find lacking in this record. We are, therefore, led to the conclusion that the invoice evidence relied upon herein by plaintiff does not meet and satisfy the proof requirements established by controlling precedents for ascertaining component material in chief value. See *Rudolph Miles* v. *United States*, 64 Cust. Ct. 151, C.D. 3974 (1970), and cases cited therein. A casual examination of the articles does not warrant the court in making a sight judgment as to which one of the materials in the imported merchandise is the component material of chief value.

For the reasons stated, the protests must be overruled without, however, affirming the classifications rendered by the district director of customs.

Judgment will be entered herein accordingly.