VICTOR v. UNITED STATES.

(Circuit Court, S. D. New York. January 29, 1904.)

No. 3,356

1. CUSTOMS DUTIES—CLASSIFICATION—NICKEL-PLATED ZINC SHEETS.
   Zinc sheets, when nickel-plated, do not fall within the provision in paragraph 192, Tariff Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], for "zinc * * * in sheets," but are dutiable under paragraph 193 of said Act, c. 11. § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], covering "articles or wares not specially provided for, * * * composed wholly or in part of nickel, * * * zinc, * * * whether partly or wholly manufactured."

On application by Ludwig Victor, importer, for review of a decision (In re Victor, G. A. 5,296) of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York.

Howard T. Walden, for appellant.
D. Frank Lloyd, Asst. U. S. Atty.

WHEELER, District Judge. The tariff law by paragraph 192, Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], provides for a duty on "zinc in blocks or pigs, 1½c. per pound; in sheets, 2c. per pound." And by paragraph 193, Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], on "articles or wares not specially provided for in this act, composed wholly or in part of * * * nickel, * * * zinc, * * * and whether partly or wholly manufactured," of 45 per cent. ad valorem. This importation is of zinc in sheets, nickel-plated. It is claimed by the importer that they are in fact zinc in sheets, and therefore come within paragraph 192, and that they are dutiable at 2 cents per pound only. It is true that they are zinc in sheets, but they are more than that. Zinc in sheets does not accurately cover them. It requires the added description of "nickel-plated" to include them. Therefore they do not fall exactly or substantially within paragraph 192. They are articles or wares composed of zinc and nickel, wholly within the description of paragraph 193. Therefore the assessment of 45 per cent. ad valorem appears to be correct.

Decision affirmed.