### ECKSTEIN v. UNITED STATES.

(Circuit Court, S. D. New York. February 23, 1905.)

#### No. 3,597.

CUSTOMS DUTIES — CLASSIFICATION — NICKEL-PLATED ZINC SHEETS—ZINC IN SHEETS.

 *Held* that nickel-plated zinc sheets are not dutiable as "zinc * * * in sheets," under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 192, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], but as "articles or wares not specially provided for, * * * composed wholly or in part of * * * nickel, * * * zinc, * * * or other metal," under paragraph 193.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Albert Eckstein. Note G. A. 5,673, T. D. 25,296.

Comstock & Washburn, for importer.

D. Frank Lloyd, Asst. U. S. Atty.

WHEELER, District Judge. Paragraph 192, Schedule C, § 1, Tariff Act July 24, 1897, c. 11, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], lays a duty on "zinc in blocks or pigs, one and one-half cents per pound; in sheets, two cents per pound," and paragraph 193 on "articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem." This importation is of zinc in sheets, nickel-plated, which have been assessed under 193, against a protest that it should be under 192. Apparently, these sheets are composed in part of zinc and in part of nickel, and come within 193, and this is clearly so unless they are

specially provided for as zinc in sheets by 192. Zinc is an element by itself, and by that name merely nothing else would seem to be intended. Here is not only zinc in sheets, but zinc and nickel in the same sheets, which are not covered by 192, but are carried by the combination into 193. In Langerman & Petty v. U. S. (C. C.) 75 Fed. 1, the coating seems to have been treated as an incident to, and not a component part of, the sheets; and in DeJonge v. Magone, 159 U. S. 562, 16 Sup. Ct. 119, 40 L. Ed. 260, the articles there in question appear to have been found to have always been of themselves paper, and not manufactures of paper. These cases, although much relied upon, do not appear to be controlling. In view of the whole, the opinion expressed in Victor v. U. S. (C. C.) 128 Fed. 472, is adhered to.

Decision affirmed.