HIRSCH & Co. *et al. v.* UNITED STATES (No. 1070).[1]

NICKEL-PLATED STEEL STRIPS IN COILS.

When these steel strips were plated with nickel, they became something more than steel strips, and not being specifically enumerated in their advanced condition they fall properly within the general provisions of paragraph 199, tariff act of 1909, as manufactures of metal not provided for.—Victor *v.* United States (128 Fed., 472); Eckstein *v.* United States (140 Fed., 94).

United States Court of Customs Appeals, April 18, 1913.

APPEAL from Board of United States General Appraisers, Abstract 30438 (T. D. 32926).

[Affirmed.]

*Brown & Gerry* for appellants.

*William L. Wemple,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise which is the subject of the present review was described by the appraiser as nickel-plated steel strips put up in coils. The articles were returned for duty by the appraiser as manu-

---

[1] Reported in T. D. 33365 (24 Treas. Dec., 581).

factures of metal not specially provided for, and accordingly were assessed for duty by the collector at 45 per cent ad valorem under the provisions of paragraph 199 of the tariff act of 1909.

The importers protested against the assessment, claiming the merchandise to be dutiable at 35 per cent ad valorem as strips of steel exceeding 12 feet in length not specially provided for under the provisions of paragraph 124 of the act or at that rate plus two-tenths of 1 cent per pound, because coated with nickel, as provided in paragraph 128.

The protest was heard by the Board of General Appraisers and was overruled. From that decision the importers now appeal.

The following is a copy of the pertinent provisions of the paragraphs thus called into question:

124. * * * Bands and strips of steel, exceeding twelve feet in length, not specially provided for in this section, thirty-five per centum ad valorem.

128. All iron or steel sheets or plates, and all hoop, band, or scroll iron or steel, excepting what are known commercially as tin plates, terneplates, and tagger's tin, and hereinafter provided for, when galvanized or coated with zinc, spelter, or other metals, or any alloy of those metals, shall pay two-tenths of one cent per pound more duty than if the same was not so galvanized or coated; sheets or plates composed of iron, steel, copper, nickel, or other metal with layers of other metal or metals imposed thereon by forging, hammering, rolling, or welding, forty per centum ad valorem.

199. Articles or wares not specially provided for in this section, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

The question presented by the record, therefore, is whether the importation is strips of steel, within paragraph 124, and subject, because galvanized or coated with nickel, to the cumulative duty imposed by paragraph 128, or whether it is manufactures of metals within paragraph 199.

The testimony discloses that the metal in question comes in long coils; that steel constitutes the body of the article; that the steel body is subjected to a galvanizing process, whereby it is first treated with copper and then entirely plated with nickel; that the steel body composes the greater bulk of the finished article, but apparently the nickel has relatively the greater value; that the article is commercially known as strip steel nickel plated. The metal is used in the manufacture of novelties, buttons, buckles, and watchcases.

In answer to the question presented by the record it may be said that although the merchandise was strips of steel in its first estate, it nevertheless became something more than that when it was subsequently plated with nickel. This, of course, was done before importation. It can hardly be doubted that some change in the classification and assessment of the article must follow upon such a substantial change in its component materials, its use, and value. This fact seems to be recognized by the importers, and it is met by them with the proposal to apply to the plated article the cumulative duty

provided by paragraph 128 upon "all iron or steel sheets or plates, and all hoop, band, or scroll iron or steel * * * when galvanized or coated with zinc, spelter, or other metals." If this provision applies it would be more specific than the general provision for manufactures of metal, in respect to the article at bar, and would therefore control its classification.

The difficulty of this recourse, however, is found in the fact that strips of steel, exceeding 12 feet in length, are concededly not iron or steel sheets or plates, nor are they included within the classification of hoop, band, or scroll iron or steel, according either to the provisions of paragraph 124 or those of paragraph 128. Therefore such strips, when galvanized or coated with other metals, are not subject to the cumulative duty provided for those articles by the terms of the latter paragraph.

This conclusion leaves the present importation to a competition between the provisions of paragraph 124 for strips of steel exceeding 12 feet in length, upon the one hand, and the provisions of paragraph 199 for manufactures of metal, upon the other hand. As between these two classifications the latter is the applicable one, because, as above observed, when the steel strips were plated with nickel they became something more than steel strips, and, not being specifically enumerated in their advanced condition, they properly fall within the general provisions of paragraph 199 for manufactures of metal not specially provided for. Victor v. United States (128 Fed., 472); Eckstein v. United States (140 Fed., 94).

In this view of the case the court finds no error in the decision of the board, and the same is therefore *affirmed.*