(C. D. 274)

BAKER ICE MACHINE CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 3, 1940)

*Clinton Brome* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States arising at the port of Omaha, Nebraska, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced as "Extended Surface pipe coils consisting of 1″ Standard galvanized Steel Pipe with Cast-on Aluminum fins." Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly

dutiable at the rate of 25 per centum ad valorem under the provision in paragraph 328 of said act for "all other finished or unfinished * * * steel tubes not specially provided for."

A sample of the merchandise in question was admitted in evidence as Exhibit 1. In addition thereto the plaintiff offered the testimony of two witnesses, the first, Fred W. Meis, office manager of the plaintiff corporation. He testified that the merchandise in question was imported in 20-foot lengths and that it was brought in for the purpose of being fabricated into coils.

On cross-examination he testified as follows:

X Q. What do you call Exhibit 1?—A. It is a pipe with fins.

*      *      *      *      *      *      *

X Q. Now, will you look at Exhibit 1. That is more than pipe, is it not?—A. It is pipe with fins.

X Q. It has on it aluminum strips 2 x 10 inches wide, has it not?—A. Yes, sir.

X Q. Has it not also on it lead aluminum castings?—A. Yes, sir.

X Q. It is more than a pipe in its present condition?—A. Yes, sir.

The second witness, Harry E. Koontz, purchasing agent for the plaintiff corporation, testified that the merchandise at bar consisted of a "piece of one-inch galvanized steel pipe to which is attached aluminum fins. I would call it a piece of finned pipe."

On cross-examination this witness testified as follows:

X Q. Mr. Witness, look at this Exhibit and tell me if it is not more than mere pipe?—A. It is a piece of finned pipe.

X Q. What do you mean by "finned pipe"?—A. Any piece of pipe to the surface of which is added something to get an increased surface.

X Q. Does not such addition make it something more than a plain piece of pipe?—A. Yes, sir.

X Q. And is not Exhibit 1 more than a steel tube?—A. It is a finned steel pipe.

X Q. But is it not more than a steel tube?—A. Yes, sir.

Upon this record and from an examination of the sample we are satisfied that the merchandise is more than mere pipe. It is an article composed in part of pipe and has passed beyond the stage of mere pipe. The classification thereof is governed by the decision in the case of *United States* v. *Sutherland International Despatch et al.*, 21 C. C. P. A. 264, T. D. 46790. In that case the appellate court had before it certain brass angles, the inner surface of which was lined with felt. As in the instant case the merchandise was assessed with duty at 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for and it was claimed to be properly dutiable at the rate of 12 cents per pound under the provision in paragraph 381 of said act for "brass angles and channels." In excluding the articles from the latter provision the court, in the course of its decision, said:

In our opinion the foregoing testimony, together with our inspection of Exhibit 1, clearly establishes that the articles here in question are more than "brass channels," as those words are used in said paragraph 381.

A case somewhat analogous to the case at bar, arising under the Tariff Act of 1909, is that of *Hirsch & Co. et al. v. United States*, 4 Ct. Cust. Appls. 82, T. D. 33365. The merchandise there involved consisted of steel strips plated with nickel, classified under paragraph 199 of said act, which paragraph was substantially similar to paragraph 397, *supra*. The protest claimed that the merchandise was dutiable as bands and strips of steel under paragraph 124 of said act. This court in its opinion stated:

In answer to the question presented by the record it may be said that although the merchandise was strips of steel in its first estate, it nevertheless became something more than that when it was subsequently plated with nickel. This, of course, was done before importation. * * *

\* \* \* when the steel strips were plated with nickel they became something more than steel strips, and, not being specifically enumerated in their advanced condition, they properly fall within the general provisions of paragraph 199 for manufactures of metal not specially provided for. *Victor v. United States* (128 Fed., 472); *Eckstein v. United States* (140 Fed., 94).

In the case at bar, we may paraphrase the language quoted from the case last cited by saying that it may be said that although the major part of the article here involved, in its first estate, was a brass channel, it nevertheless became something more than that when it was subsequently lined with felt. * * *

We further think that this case is controlled in principle by our decision in the case of *United States v. Strauss & Buegeleisen*, 20 C. C. P. A. (Customs) 378, T. D. 46184, and cases therein cited. The merchandise involved in said case consisted of small, circular disks of glass and small oblong disks of the same material, dedicated to the single use of making goggles. These disks were made from uncolored, unpolished, crown glass in the form of cylinders, said cylinders having been cut, flattened, annealed, and then cut into the pieces as imported. The issue dealt with by this court in said case was whether the imported merchandise was classifiable as cylinder glass under paragraph 219 of the Tariff Act of 1922, or as manufactures of glass under paragraph 230 of said act. The court held that the merchandise was properly classifiable as manufactures of glass under paragraph 230 of said Tariff act and, speaking through Presiding Judge Graham, said:

The samples, however, show the goods to be something more than plain glass. They have been subjected to a manufacturing process. * * *

So in the case at bar, Exhibit 1 shows the articles to be something more than brass channels. The brass channel forming a part of said article has been subjected to a manufacturing process. * * *

We therefore hold as a matter of law that inasmuch as the merchandise herein is more than mere pipe, it is properly dutiable at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as a manufacture of metal not specially provided for, as classified by the collector.

All claims of the plaintiff are therefore overruled.