(C.D. 3985)

E. Green & Son (New York), Inc. v. United States

United States Customs Court, Second Division

(Decided April 1, 1970)

*Sharretts, Paley, Carter & Blauvelt* (*Charles P. Deem* of counsel) for the plaintiff.

*William D. Ruckelshaus,* Assistant Attorney General (*Steven Sosnov* and *Robert Blanc,* trial attorneys), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

NEWMAN, Judge: This protest challenges the collector's classification of certain imported articles invoiced as "Type 25 Economiser Pipes 12 Ft. long." The merchandise was assessed with duty at the rate of 19 per centum ad valorem under the provision in paragraph 397 of the Tariff Act of 1930, as modified by T.D. 54108, for "Other" articles in chief value of iron, not specially provided for.

Plaintiff claims that the Government's classification is erroneous and interposes the following alternative claims:[1]

(1) paragraph 327, as modified by T.D. 51802 – cast-iron pipe, dutiable at the rate of 10 per centum ad valorem;

(2) paragraph 327, as modified by T.D. 52739 – advanced castings of iron, dutiable at the rate of 4 per centum ad valorem;[2]

(3) paragraph 328, as modified by T.D. 54108 – iron tubes, dutiable at the rate of 10½ per centum ad valorem.

We shall overrule the protest, for the reasons discussed.

THE STATUTES INVOLVED

Classified under:

Paragraph 397, Tariff Act of 1930, as modified by T.D. 54108:

Articles or wares not specially provided for, whether partly or wholly manufactured:
* * * * * * *
Composed wholly or in chief value of iron * * *, but not plated with platinum, gold, or silver, or colored with gold lacquer:
* * * * * * *
Not wholly or in chief value of tin or tin plate:
* * * * * * *
Other, composed wholly or in chief value of iron, * * * (except * * *)_____ 19% ad val.

---

[1] Plaintiff has abandoned an additional claim under paragraph 372.

[2] The correct rate pursuant to T.D. 52739 is 5 per centum ad valorem rather than 4 per centum ad valorem, as claimed by plaintiff.

Claimed under:

Paragraph 327, Tariff Act of 1930, as modified by T.D. 51802:

Cast-iron pipe of every description * * *_____ 10% ad val.

Paragraph 327, Tariff Act of 1930, as modified by T.D. 52739:

* * * castings * * *, including all castings of iron or cast-iron plates which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process but not made up into articles, or parts thereof, or finished machine parts_____ 5% ad val.

Paragraph 328, Tariff Act of 1930, as modified by T.D. 54108:

Finished or unfinished iron or steel tubes not specially provided for:
*    *    *    *    *    *    *
Other _____ 10½% ad val.

### THE RECORD

At the trial, the record in *The Green Fuel Economizer Co., Inc.* v. *United States*, 57 Cust. Ct. 402, C.D. 2829 (1966),[3] was incorporated on plaintiff's motion. Additionally, plaintiff's case was augmented by the testimony of one witness and two exhibits. Defendant offered no evidence.

The sole witness in this case was Eric Gunther, part owner of Johnson & Gunther, Inc., a manufacturers' representative and the sole distributor for E. Green & Son, Ltd., Wakefield, England, the manufacturer of the merchandise in issue.

Plaintiff's exhibit 1 is a small piece of the imported "type 25 economiser pipe"; plaintiff's illustrative exhibit 2 is a sales brochure depicting the use of the imported merchandise in a feed water economizer.

The facts are not in dispute, and may be briefly summarized:

The merchandise is composed of cast iron, and consists basically of a tube with fins cast in one piece. Internally, the tube portion is circular, while externally it is approximately diamond shaped with projecting rectangular fins spaced about every inch. On the extreme ends of the articles there are flanges with six drilled holes. Additionally, there are supporting flanges on the tops and bottoms approximately five inches from the extreme ends of the articles.

---

[3] The cited case is a rehearing from the decision in 49 Cust. Ct. 286, Abstract 67167 (1962).

The end flanges are machined flat, so that a pressure tight seal can be made between the end of the article and whatever is connected to it. The support flanges are also machined. Plaintiff imported the merchandise as replacement parts for low-level and feed-water economizers.

It appears from the incorporated record that a low-level economizer is a heat exchanging device designed for use in connection with the boilers in electric power plants. Such economizer functions to recover low-grade thermoenergy from the products of combustion, and transfer this energy to the airstream that is being fed into the boilers. The low-level economizer is installed in addition to a conventional (feed-water) economizer and is independent of the latter.

The feed-water economizer serves to raise the temperature of feed water being fed to the steam generating unit. Unlike a low-level economizer, the feed-water economizer contains no valves, pumps, or other moving parts.

The function of the imported articles is to convey water through the flue gas stream, which is transmitted to the chimney from a power boiler. The articles pick up the heat, conduct it to the water which is flowing through it, and thereupon the heated water "goes into the boiler to produce steam" (R. 13). The fins serve to extend the heating surface of the articles, thereby collecting and transferring more heat to the tube portion and the water flowing through it (R. 19).

## PIPES OR TUBES

Plaintiff contends that the merchandise falls within the common meaning of the terms "pipe" and "tubes," as used in paragraphs 327 and 328 of the Tariff Act of 1930. Defendant argues, on the other hand, that the merchandise is a "tube with fins," and as such is something more than either a pipe or a tube.

The issue, then, is whether the instant articles fall within the common meaning of "pipe" or "tube," or whether such articles are "more than" either of them.[4]

The common meaning of a tariff term is, of course, a question of law, and ordinarily, the court will "chiefly rely upon decisions of the courts and upon the definitions found in dictionaries and other lexicographical authorities." *United States* v. *Mercantil Distribuidora, S.A., Joseph H. Brown,* 43 CCPA 111, 117, C.A.D. 617 (1956).

Plaintiff's brief has called to our attention the following definitions of "pipe" and "tube":

---

[4] Defendant has raised no issue as to whether the merchandise is excluded from the provision in paragraph 328 for iron tubes not specially provided for on the basis that it is composed of cast iron. In view of the conclusion reached, we need not address ourselves to such issue, nor to the question of relative specificity as between paragraphs 327 and 328, which plaintiff has discussed in its brief.

*Webster's New International Dictionary*, second edition, 1955:

*pipe* \* \* \* 3. Any long tube or hollow body of wood, metal, earthenware, or the like, as to conduct water, steam, etc.

*tube* 1. a A hollow cylinder, of any material, to convey liquids or gases or for some other purpose; \* \* \*.

Additionally, the scope and application of paragraphs 327 and 328 may be gleaned from the *Summary of Tariff Information, 1929.* That *Summary* was compiled by the United States Tariff Commission and printed for the use of the Committee on Ways and Means of the House of Representatives, in enacting what subsequently became the Tariff Act of 1930. Fundamentally, the courts have considered the 1929 *Summary of Tariff Information,* which was before Congress at the time of the passage of the Tariff Act of 1930, as authoritative for the purpose of resolving questions relating to the meaning and scope of tariff provisions. *Textile Printing & Finishing Co., Inc.* v. *United States,* 49 CCPA 24, C.A.D. 789 (1962) ; *United States* v. *J. Eisenberg, Inc.,* 43 CCPA 105, C.A.D. 616 (1956). Significantly, the provisions of paragraphs 327 and 328 of the Tariff Act of 1930, under consideration in this case, were taken verbatim from the identically numbered paragraphs of the 1922 act.

As respects "cast-iron pipe" classifiable under paragraph 327 of the Tariff Act of 1922, the *Summary* states in part (schedule 3, Metals and Manufacturers of, page 694) :

### Cast-Iron Pipe

Description and uses.—Cast-iron pipes are long hollow cylinders generally with bell and spigot joints which are sealed with lead and hemp when the pipes arc laid. The diameter ranges from 2 to 84 inches and standard lengths are 12 and 16 feet.

The chief uses of cast-iron pipe are for water and gas supply systems, pipes serving such purposes being designated as pressure pipes. A special quality is used for high pressure fire systems of large cities. Cast-iron pipe is utilized to a lesser extent for soil and plumber's pipe, culverts. drains, sewers, and high pressure air lines.

And as respects paragraph 328, the 1929 *Summary* states in part (schedule 3, pages 698–699) :

### Tubes, Pipes, and Tanks

Description and uses.—Paragraph 328 covers tubes, pipes, flues, or stays; rigid tubes for electrical conduits; ball-bearing tubes for manufacturing ball-bearings; tubes of iron or steel not specifically provided for; cylindrical welded furnaces; and tanks, drums, or vessels. It does not include cast-iron pipe.

Tubes may be seamless or welded. Seamless tubes are made from solid round billets which are pierced. Billets are dutiable under paragraph 304. Welded tubes are made by drawing highly heated skelp through a die which bends it into form. Butt-welded tubes are welded by the pressure of the shaping die, and lap-welded tubes are welded in a set of special rolls. Butt-welded pipes are usually made up to 3 inches in diameter; lap-welded pipes from 2¾ inches to 6 inches. Skelp is dutiable under paragraphs 307 and 308.

In light of the dictionary definitions relied upon by plaintiff and the above-quoted materials from the 1929 *Summary of Tariff Information*, we have determined that the merchandise is not a pipe or tube within the common meaning of those terms, and is not within the class of articles intended to be covered in paragraph 327 or 328. Plaintiff's exhibit 1 is a potent witness, and it is plainly more than a "long hollow cylinder."

*Baker Ice Machine Co., Inc.* v. *United States*, 4 Cust. Ct. 22, C.D. 274 (1940) is, additionally, persuasive authority that the instant merchandise is more than a pipe or tube. *Baker* involved the classification of an importation invoiced as "Extended Surface pipe coils consisting of 1″ Standard galvanized Steel Pipe with Cast-on Aluminum fins." The assessment was under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. There, the importer claimed that the articles were properly dutiable under the provision in paragraph 328 of the act for "all other finished or unfinished * * * steel tubes not specially provided for." The court overruled the protest, stating that the finned pipe "is an article composed in part of pipe and has passed beyond the stage of mere pipe." Thus, the *Baker* case held, as a matter of law, that inasmuch as the merchandise is "more than mere pipe," it was properly dutiable under paragraph 397.

Here, plaintiff does not contend that the holding in *Baker* is erroneous; but rather plaintiff attempts to factually distinguish *Baker* on the basis that the merchandise therein was comprised of steel pipes with separate aluminum fins, while that presently before the court was cast of iron in one piece.

Whether or not an article is a pipe or tube does not depend upon the manufacturing process employed, but upon the results obtained. *Ball* v. *United States*, 8 Ct. Cust. Appls. 143, T.D. 37271 (1917). Consequently, the allegedly crucial difference pointed out by plaintiff between the merchandise in *Baker* and that involved herein does not change the results obtained, viz, a tube with fins. In our view, the *Baker* holding is clearly apposite to the present issue, and we find the involved merchandise to be more than mere pipes or tubes, as contended by defendant.

## Castings of Iron

Finally, plaintiff alternatively claims that the articles are dutiable under paragraph 327 as castings of iron which have been drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process, but not made up into articles, or parts thereof, or finished machine parts.

The evidence establishes that the flanges on the ends of the imported articles were drilled with holes and machined, and further, that the top and bottom flanges were also machined. There is no dispute that the articles were "advanced" castings of iron. Hence, we need only discuss defendant's contention that the articles are excluded from the castings provision in paragraph 327 because they were "made up into articles or parts thereof."

We agree with plaintiff that the merchandise is not a "made-up article," since it was not composed by uniting together various parts. *United States* v. *The Singer Manufacturing Company*, 37 CCPA 104, C.A.D. 427 (1950). However, we are unable to agree that the merchandise is not "parts" of made-up articles, which are also excluded from paragraph 327.

Plaintiff insists that the imported articles are not "parts" within the exclusionary language of paragraph 327, since they were dedicated neither to economizers which are machines, nor to economizers which are not machines. In the incorporated *Green* case, the court held that in order to constitute the items involved therein as "parts" of a low-level economizer, it must be established that they are dedicated to use in such low-level economizer. There, the court held that, since the components could be used in feed-water economizers (which contain no moving parts, and are not machines), the articles lacked the requisite dedication to use with low-level economizers (which contain moving parts and are machines). Consequently, the components involved in *Green* were held not to be classifiable as *parts of machines* under paragraph 372 of the Tariff Act of 1930.

In the present case, the issue is not, as it was in *Green*, whether the articles are parts of "machines" under paragraph 372, but whether they are *parts of made-up articles* for purposes of paragraph 327. The latter was the issue presented in *J. E. Bernard & Company, Inc.* v. *United States*, 44 Cust. Ct. 300, Abstract 63672 (1960), which holding is relied upon by defendant herein.

The *Bernard* case involved iron castings which, after importation, were joined with so-called "venturi tubes," and thereupon became complete burners ready for use in the combustion chambers of automatic storage hot-water heaters. Those imported castings were, as in the present case, classified under paragraph 397 as manufactures of

metal, not specially provided for, and were claimed to be properly dutiable under paragraph 327 as castings of iron. Upon finding that the castings were parts of hot-water heaters, the court in *Bernard* held that they were within the exclusionary language of paragraph 327, and therefore removed from classification under that paragraph.

The evidence here shows that the merchandise was dedicated to use and essential to the functioning of Green's economizers. This fact is sufficient to constitute the castings "parts" of made-up articles (economizers) within the exclusionary provision of paragraph 327.

The protest is overruled, and judgment will issue accordingly.